**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

DARIEL GONZALEZ,
     Plaintiff,

v.                               Case No.:

JEANETTE M. NUÑEZ, in her
individual and official capacity as President of
FLORIDA INTERNATIONAL UNIVERSITY;
     Defendant.

_____/

### EMERGENCY VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C. § 1983

Plaintiff Dariel Gonzalez ("Plaintiff" or "Gonzalez") sues Florida International University ("FIU"), and states:

### INTRODUCTION

FIU, after stating that it "will not accept, tolerate, or condone any form of racism and antisemitism at FIU," recently filed a slew of student conduct charges against several FIU students who participated in an off-campus, private group chat that contained controversial speech. Plaintiff, a student at FIU, is charged under the FIU-2501 Student Conduct and Honor Code for expressly his speech in the controversial group chat.

Given that FIU's disciplinary charges against Gonzalez and other FIU students are based solely upon legally protected speech, FIU's actions constitute a content and viewpoint-based punishment of protected speech in violation of the First Amendment and should be immediately enjoined.

This complaint is filed on an emergency basis because FIU's current actions and baseless disciplinary proceedings chill Plaintiff's speech. *See Speech First, Inc. v. Cartwright*, 32 F.4th 1110 (11th Cir. 2022).

1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

2.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District and a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

3.      Plaintiff Dariel Gonzalez is a student at Florida International University, residing in Miami-Dade County Florida.

4.      Defendant Jeanette Nuñez is the President of FIU and is sued in her official capacity for declaratory and injunctive relief.

5.      Florida International University ("FIU") is a public university and an arm of the State of Florida. FIU operates in Miami-Dade County, Florida.

6.      Defendant Nuñez is sued in her individual capacity for declaratory and injunctive relief, and damages, for directing staff to punish Plaintiff in response to his alleged viewpoints expressed in the group chat.

## FACTS

7.      During the Fall 2025 semester, FIU received reports concerning a private group chat involving Plaintiff and others, in which participants posted controversial content, including racial remarks.

8.      FIU's Office of Student Conduct and Academic Integrity notified Plaintiff by letter dated in March, 2026 that it had received information alleging that, during Fall 2025, he posted in the group chat and based upon his posts in the group chat.

9.      The March 2026 charge letter directed Plaintiff to attend an Information Session on March 2026 via Zoom and described his rights within the student conduct process, including notice, and a hearing.

2

10.     The alleged speech at issue occurred in a non-curricular, private group chat and was not part of any official University program or classroom instruction; it did not occur in a University forum or University-sponsored event.

11.     FIU's Student Conduct and Honor Code (FIU-2501), however, provides that:

> Nothing in this Regulation should be interpreted to abridge the right of any member of the University community of rights granted under the United States or Florida Constitution and/or any other applicable law including, but not limited to, the freedom of expression protected by the First Amendment.

12.     On March 10, 2026, FIU's President publicly announced that the University had reviewed the private group chat and had initiated charges based on violations of the University's non-discrimination regulation and the Student Code of Conduct, including potential charges of harassment, engaging in threats, and interfering with the rights of others, which may lead to suspension or expulsion.

13.     The President's statement further declared that the administration and FIU's Board of Trustees "will not accept, tolerate, or condone any form of racism and antisemitism at FIU," in a statement released on March 10, 2026, at 7:05pm.  **See Exhibit 1.**

14.     FIU's initiation and pursuit of charges against Plaintiff for off-campus, private speech reflects viewpoint discrimination and punishment of speech based on its content, chilling Plaintiff's and other students' First Amendment rights.

15.     Plaintiff faces an ongoing threat of disciplinary proceedings, sanctions up to suspension or expulsion, and attendant harms—including stigmatization, academic interruptions, and restrictions on participation in University life—based on his speech.  Plaintiff's speech has been chilled entirely by the disciplinary proceeding.

3

16.     A list of the controversial remarks posted in the group chat, include racial slurs, gender-based slurs, antisemitic rhetoric, and anti-LGBTQ language; however, the group chat contained no illegal speech or categories of unprotected speech, such as true threats, incitement, or fighting words.  The statements that are the basis of the disciplinary complaint include:

"Ew you had colored professors?!"

"I reguse [sic] to be indoctrinated by the coloreds."

"Avoid the coloreds like the plague."

"You can fuck all the [k-word] you want. Just don't marry them and procreate."

"I would def not marry a Jew."

"Why didn't miggress leave?"

## COUNT 1

### Violation of the First Amendment (42 U.S.C. § 1983)

### *(Declaration Against FIU)*

17.     Plaintiff realleges paragraphs 1–16.

18.     Defendant, acting under color of state law, initiated and is pursuing student conduct charges against Plaintiff based on the content and viewpoint of his off-campus, private speech in a group chat that included racial remarks and controversial but legally protected language.  Such speech is presumptively protected by the First Amendment. Punishing or chilling Plaintiff's speech through disciplinary charges, investigation, and potential sanctions constitutes content- and viewpoint-based discrimination in violation of the First Amendment.  None of the statements made by any participant in the group chat constitutes true threats.  *See Counterman v. Colorado,* 600 U.S. 66, 72 (2023) (holding that a communication must be a serious expression conveying that a speaker means to commit an act of unlawful violence to constitute a true threat).

4

19.     Defendant's application of FIU-2501 to off-campus, private speech is unconstitutionally overbroad and vague as applied to Plaintiff's expression, granting officials standardless discretion to penalize speech based on its perceived offensiveness.

20.     Defendant lacks any lawful basis to regulate Plaintiff's off-campus expression in a private forum absent unprotected categories such as true threats; the allegations, on their face, target expression, not conduct.

21.     Defendant's action has caused and continues to cause irreparable harm to Plaintiff's constitutional rights, chilling his speech, and subjecting him to the risk of baseless and severe sanctions and reputational injury.

22.     Defendant President Nunez is also sued in her individual capacity because she further personally directed the deprivation of Plaintiff's constitutional right, namely his freedom of speech, when she acted under color of state law, and personally participated in and directed the constitutional violation.  In addition to FIU custom or policy, Nunez also directed agents to commence the baseless disciplinary proceeding into Plaintiff and to further her viewpoint-based practice and custom of refusing to "accept, tolerate, or condone any form of racism and antisemitism at FIU."  See **Exhibit 1.**

23.     Plaintiff has standing due to the current policy being applied toward his protected speech in violation of the First Amendment.

24.     Plaintiff's speech in the group chat did not cause a substantial disruption at FIU.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in his favor and grant the following relief:

a)     A declaration that Defendant's initiation and pursuit of student conduct charges against Plaintiff for his off-campus, private speech, including under FIU-2501 as applied here, violates the First Amendment;

5

b)      A preliminary and permanent injunction enjoining Defendant from investigating, charging, adjudicating, or sanctioning Plaintiff for the off-campus, private speech at issue, and from otherwise enforcing FIU-2501 to penalize protected expression in similar circumstances;

c)      Damages;

d)      An award of reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

e)      Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.


## VERIFICATION

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated within it are true.

/s/ *Dariel Gonzalez*

**Dated**: March 26, 2026

Respectfully submitted,

/s/ *Anthony F. Sabatini*
ANTHONY F. SABATINI
Florida Bar No. 1018163
anthony@sabatinilegal.com
SABATINI LAW FIRM, P.A.
1601 E. 1st Ave.
Mount Dora, Florida 32757
Telephone: (352) 455-2928

Counsel for Plaintiff